UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RHETT AND GENEVIEVE WAGUESPACK

VERSUS

HOMESITE INSURANCE COMPANY, *et al.*

CIVIL ACTION

NO. 22-181

SECTION M (4)

## ORDER & REASONS

Before the Court is a motion to remand filed by plaintiffs Rhett and Genevieve Waguespack (together, "Plaintiffs").[1] Defendant Progressive Advantage Agency, Inc. ("Progressive") responds in opposition,[2] and Plaintiffs reply in further support of their motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion because defendant Homesite Insurance Company ("Homesite") did not timely file its consent to the removal.

**I.   BACKGROUND**

This case concerns an insurance coverage dispute. In April 2021, Plaintiffs purchased a home and obtained homeowners insurance through Progressive and its affiliate, Homesite.[4] On August 29, 2021, the home sustained damage as a result of Hurricane Ida.[5] The next day, Plaintiffs made a claim on their homeowners insurance policy.[6] Citing a windstorm exclusion, the insurers denied the claim.[7]

---

[1] R. Doc. 10.
[2] R. Doc. 11.
[3] R. Doc. 14.
[4] R. Doc. 1-2 at 6-7.
[5] *Id.* at 8.
[6] *Id.*
[7] *Id.* at 8-9.

On December 9, 2021, Plaintiffs filed this action in state court against their homeowners insurance carriers, Progressive and Homesite, asserting claims for breach of contract and bad faith.[8] Plaintiffs served process on the Louisiana secretary of state, who in turn served Progressive, through its registered agent for service of process, CT Corporation, on December 28, 2021.[9] Thirty days later, on January 27, 2022, Progressive removed the case to this Court.[10] The notice of removal states in relevant part: "Pursuant to 28 U.S.C. § 1446(b)(2)(A), the only other Defendant who has been properly joined and served, Homesite Insurance Company, joins and consents to the removal of this action."[11] Homesite filed a notice of consent to removal on January 28, 2022.[12]

Plaintiffs then filed the instant motion to remand arguing that the removal was procedurally defective because Homesite did not timely consent to removal.[13] In opposing the motion, Progressive argues that its representation in the notice of removal that Homesite joins and consents to the removal of the action should suffice, especially considering that Homesite filed its formal consent less than 24 hour later.[14]

## II.    LAW & ANALYSIS

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have subject-matter jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states." *Id*. § 1332(a)(1). Because federal courts

---

[8] *Id.* at 6-13.
[9] *Id.* at 1, 4
[10] R. Doc. 1.
[11] *Id.* at 8.
[12] R. Doc. 8.
[13] R. Doc. 10. Originally, Plaintiffs also argued that the notice of removal was not filed within the prescribed 30-day period for removal, so was untimely, R. Doc. 10-1 at 3-5, but they later conceded the point in their reply memorandum. R. Doc. 14 at 1 n.1.
[14] R. Doc. 11 at 4-7.

have limited jurisdiction, the removal statute is strictly construed, and any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Id*.

The time limits for removal are set forth in 28 U.S.C. § 1446(b). Generally, a civil action must be removed within 30 days after the defendant receives a copy of the initial pleading "setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *Id.* § 1446(b)(1). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). According to the Fifth Circuit, this "rule of unanimity" requires that each served defendant join in the notice of removal or that there be a "timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). District courts in the Fifth Circuit "have consistently remanded cases where a notice of removal included only an allegation of consent of a defendant not joining in the notice of removal." *McFarland v. Protective Ins. Co.*, 2019 WL 351150, at *2 (E.D. La. Jan. 29, 2019) (citing *Spoon v. Fannin Cnty. Cmty. Supervision & Corr. Dep't*, 794 F. Supp. 2d 703, 707 (E.D. Tex. 2011) (collecting cases)).

Here, Homesite's notice of consent to removal was filed 31 days after the defendants were served.[15] Thus, it was untimely. Further, under Fifth Circuit precedent, Progressive's allegation

---

[15] R. Docs. 1-2; 8.

in its notice of removal regarding Homesite's consent is insufficient. *Id.* at *2-3 (strictly applying *Getty*'s rule of unanimity and finding that "the more forgiving approach" applied in *White v. Chevron, U.S.A., Inc.*, 1990 WL 28167 (E.D. La. 1990), and *Sercovich v. State Farm Mut. Auto. Ins. Co.*, 1999 WL 970346 (E.D. La. 1999), "cannot be squared with Fifth Circuit precedent"). Thus, this case must be remanded due to the defect in the removal procedure. "While the Court recognizes the harshness of this result [in view of the fact that the notice of consent was filed just one day after the 30-day window for removal expired], the Court cannot cut jurisdictional corners as doing so would be contrary to Fifth Circuit jurisprudence." *Cornella v. State Farm Fire & Cas. Co.*, 2010 WL 2605725, at *3 (E.D. La. June 22, 2010).

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion to remand (R. Doc. 10) is GRANTED, and this matter is REMANDED to the 23rd Judicial District Court, Parish of St. James, State of Louisiana.

New Orleans, Louisiana, this 28th day of February, 2022.

                                                BARRY W. ASHE
                                                UNITED STATES DISTRICT JUDGE